UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CHAPRINA BIFFLE,** <br> *As Mother and Next Friend of T.H. a minor child* <br>     **Plaintiff,** <br><br> vs. <br><br> **SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,** <br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action Number<br>   **2:15-cv-00146-AKK** |

## <u>MEMORANDUM OPINION</u>

Chaprina Biffle ("Biffle") brings this action on behalf of her son, T.H. ("the Claimant"), pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. §405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision—which has become the decision of the Commissioner—is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will **AFFIRM** the decision denying benefits.

### I.     Procedural History

Biffle protectively filed an application on behalf of her minor child, T.H., for the child's Supplemental Security Income ("SSI"), alleging a disability onset date

1

of January 9, 2010, due to Sickle Cell Disease and Asthma. (R. 97, 114). After the SSA denied T.H.'s claim, Biffle requested a hearing before an ALJ. (R. 62–64). The ALJ subsequently denied T.H.'s claim, (R. 12–26), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1–6). Biffle then filed this action for judicial review pursuant to 42 U.S.C. §1383(c)(3). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges its judicial review is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 7.

### III.   Statutory and Regulatory Framework

A claimant under the age of eighteen is considered disabled if she has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which is expected to result in death, or which has lasted or is expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(C)(I).  The regulations define the statutory standard of "marked and severe functional limitations" in terms of "listing-level severity."  20 C.F.R. §§ 416.902, 416.906, 416.924(a), 416.926a(a); *see* 20 C.F.R. pt. 404, subpt. P, app. 1 (the listings).  The Commissioner has developed a specific sequential evaluation process for determining whether a child claimant is disabled.  20 C.F.R. § 416.924.  The three-step process requires a child to show:  (1) that he is not working; (2) that he has a "severe" impairment or combination of impairments; and (3) that his impairment or combination of impairments is of listing-level

severity, that is, the impairments meet, medically equal, or functionally equal the severity of an impairment in the listings. 20 C.F.R. § 416.924. An impairment medically equals a listing "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). If the claimant's impairments do not meet or medically equal a listed impairment, the ALJ must then determine if the child's impairments are, instead, functionally equivalent in severity. 20 C.F.R. §§ 416.924(d), 416.926a(a). For the child's impairments to functionally equal a listed impairment, they must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The ALJ considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(I)-(vi). If the impairments do not satisfy the duration requirements, or do not meet, medically equal, or functionally equal one of the listings, a finding of not disabled is reached and the claim is denied. *See* 20 C.F.R. § 416.924(d)(2).

## IV. The ALJ's Decision

In performing the three step analysis, initially, the ALJ determined that T.H. has not engaged in any substantial gainful activity since his alleged disability onset date. (R. 18). Next, in satisfaction of Step Two, the ALJ found that T.H. suffers

from the severe impairments of "sickle cell disease, asthma, chronic otitis media, obstructive sleep apnea, and eczema." *Id.* Finally, at Step Three, the ALJ concluded that T.H.'s impairments did not meet, medically equal, or functionally equal, any of the listed impairments and, therefore, found that T.H. was not disabled. (R. 18–19).

## V.  Analysis

The court now turns to Biffle's contentions that the ALJ erred by failing to find T.H. disabled pursuant to Social Security regulations, and that the Appeals Council erred by failing to properly consider or review the evidence presented on appeal. Doc. 1 at 2. The court addresses each contention in turn.

### A. *The ALJ properly found T.H's impairments did not equal listing 103.03B or 416.926b(3)*

Biffle admits that T.H. does not have an impairment that meets listing 103.03B, but contends that T.H. is disabled based on 20 C.F.R. § 416.926b(3) as a result of numerous hospitalizations that she asserts show the equivalent of 12 asthma attacks in an 18 month period. Doc. 16 at 2–3. To meet listing 103.03B, T.H. must have asthma with:

> [a]ttacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year.  Each inpatient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation

period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. § Pt. 404, Subpt. P, App. 1. Listing 3.00C defines "attacks" as "prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting." *Id.*

T.H. bears the burden of showing that his impairments meet a listed impairment. *Barron v. Sullivan,* 924 F.2d 227, 229 (11th Cir. 1991). Moreover, T.H.'s impairments must "meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original). In order for there to be a functional equivalence, T.H. must demonstrate that he has marked limitations[1] in two or more domains, or extreme limitations in one domain. *Douglas ex rel. Patterson v. Comm'r of Soc. Sec.,* Case No. 04-16235, 2005 WL 3116634 (11th Cir. Nov. 23, 2005). Where, as here, T.H. is alleging disability based on a combination of impairments, if an additional impairment is not severe as defined in 20 C.F.R. § 416.924(a), the Commissioner "will not find that the additional impairment(s) imposes an additional and significant limitation

---

[1] "A 'marked' limitation is defined as a limitation that 'interferes seriously with [the] ability to independently initiate, sustain, or complete activities,' and is 'more than moderate.'" *Henry v. Barnhart*, 156 F. App'x 171, 174 (11th Cir. 2005).

of function." *Gibbs ex rel. Barris v. Barnhart*, 130 Fed. App'x 426 (11th Cir. 2005). Moreover, if T.H. has a medical condition that can be reasonably remedied by surgery, treatment, or medication, that condition is not disabling. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir.1988).

Turning now to the specific contentions, Biffle relies primarily on numerous hospital visits in the eighteen months preceding the ALJ's decision that she contends demonstrate the severity of T.H.'s impairments. (R. 44, 136). However, none of those hospital visits were for an actual sickle cell or asthma attack. (R. 45, 166–213). In fact, some included visits to replace tubes in T.H.'s ears for his chronic otitis, (R. 40), one of which resulted in an overnight stay prior to having tubes put in his ears, (R. 314). The visits also included trips to the ER when T.H. had a fever and overnight admissions to keep the fever down, (R. 43), and involved T.H. receiving "fluids" and general monitoring, (R. 340–412). Significantly, although Biffle presumably felt some anxiety during these overnight hospitalizations of T.H., none of these admissions were related to T.H.'s sickle cell or his asthma. (R. 36, 45). As such, these hospitalizations are not a factor in the determination of disability under listing 103.03B, which states unequivocally that the "inpatient hospitalization" must be "for control of asthma." 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Therefore, the court finds no error in the ALJ's determination related to the inpatient hospitalizations.

Next, in addition to evaluating the medical record, 20 C.F.R. §§ 416.926a(b) and (c) require the ALJ to also evaluate the "whole child" in making findings regarding functional equivalents. 20 C.F.R. 416.926a. The ALJ did so in this case. First, in finding that T.H. did not suffer from a marked or extreme limitation in any of the six functional equivalence domains, (R. 19), the ALJ relied on Biffle's evaluations of T.H., which show that T.H. has no functional limitations as a result of sickle cell or asthma. (R. 107). The ALJ also relied on the evaluation completed by Biffle's mother, who appears to be T.H.'s primary caregiver, which also stated T.H. was normal across all categories. (R. 121–127). In fact, the only response that indicated a physical limitation involved the possibility that T.H. may not be able to play sports at some point in the future. *Id*. Second, with respect to the ALJ's own evaluation of the record, the only areas in which she noted "less than marked limitations" were in T.H.'s ability to care for himself due to the possibility of a fever leading to a sickle cell attack, (R. 25), and health and physical well-being due to T.H.'s need to take daily medication to control his asthma and sickle cell, (R. 26). Finally, as the ALJ noted, in evaluating T.H. in the six functional equivalences, there is no evidence in the record from either T.H.'s caregivers or physicians to demonstrate any marked limitations. (R. 22–26).

Ultimately, Biffle bears the burden of presenting medical evidence showing that T.H.'s impairments meet or equal a listing. *Zebley,* 493 U.S. at 530. Biffle has

8

failed to make this showing. In fact, the evidence shows that T.H. has not suffered the requisite asthma attacks to meet listing 103.03B and his functional equivalence evaluations fail to demonstrate the marked limitations required under 20 C.F.R. § 416.926a(a). Therefore, the substantial evidence supports the ALJ's decision.

### B. *The ALJ relied upon substantial evidence in making that determination*

Biffle challenges next the ALJ's review of the medical record and takes issue with the ALJ's failure to engage in a piece by piece review of T.H.'s medical record. Doc. 1. However, "there is no rigid requirement that the [ALJ] specifically refer to every piece of evidence in his decision so long as our Court can conclude [that] the [ALJ] considered [the claimant's] medical condition as a whole." *Parks ex rel. D.P. v. Comm'r Soc. Sec. Admin.*, 783 F.3d 847, 852 (11th Cir. 2015). Relevant here, it is clear from the ALJ's opinion that she, in fact, considered the medical condition as a whole.

Specifically, the ALJ found that T.H.'s impairments of sickle cell disease, asthma, chronic otitis media, obstructive sleep apnea, and eczema did not medically equal or functionally equal listing-level severity. (R. 18). The ALJ reached this conclusion after first looking at T.H.'s impairments and his combination of impairments to see if any of the impairments medically equaled the severity of one of the listed impairments. (R. 18). The ALJ noted that "most [of T.H.'s hospitalizations] were due to fevers and not asthma," (R. 18), and that while

T.H. "has been hospitalized in the past for fever only (with only one emergency room visit specifically reporting leg pain), but the fever never resulted in a full sickle cell crisis," (R. 20). This finding is consistent with Biffle's admission during the hearing that T.H. did not have a single impairment that was severe enough to meet a disability listing. (R. 45).

Second the ALJ next looked at "all relevant evidence in the case record" and evaluated "the whole child in making findings regarding functional equivalence." (R. 18–19). In doing so, the ALJ pointed out that at T.H.'s follow up visits for his sickle-cell, "his parents consistently reported no pain, dactylitis, or sickle cell crisis" and that "no physician has ever reported that [T.H.] is disabled or that he has any limitations." (R. 20).

Finally, the ALJ rejected Biffle's assertions of limitations due to sickle cell or asthma as not credible due to the lack of objective medical evidence, as well as the answers Biffle and Biffle's mother provided on the functional assessment evaluations. (R. 19). As the ALJ noted, T.H.'s grandmother described T.H. in her assessment as a normally functioning child with no marked limitations in any single category, (R. 121–127), and that Biffle's own assessment only listed one functional limitation—i.e., that T.H. "can not [sic] run and play too much because he will [get] out of breath," (R. 107). The ALJ even pointed out inconsistencies between Biffle's contentions on the one hand that T.H. "was unable to do certain

10

things, such as crawling, standing alone, walking alone, etc.," and her report "that he was able to drink from a cup, feed himself, undress himself, and brush his teeth." (R. 24). Based on the record, the court concludes that the ALJ clearly articulated her reasons for finding Biffle not credible. *See Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) (noting that the "ALJ made a reasonable decision to reject [the claimant's] subjective testimony, articulating in detail, the contrary evidence as his reasons for doing so.").

The ALJ properly concluded that, none of T.H.'s conditions rise to the severity level required for a disability finding. Substantial evidence supports the ALJ's decision and, as such, the decision is due to be affirmed.

*C. The Appeals Council properly reviewed the evidence*

Biffle contends also that the Appeals Council failed to properly review the evidence. Doc. 1 at 2. While Biffle is generally correct that the Appeals Council "must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently in record," *Gichuru v. Astrue*, No. 2:11-cv-04203-RDP, 2013 WL 1178723 (N.D. Ala., March 20, 2013), and that the Appeals Council must adequately evaluate any new evidence in making its decision, *Epps v. Harris,* 624 F.2d 1267, 1273 (5th Cir. 1980), there is no evidence here that the Appeals Council failed to carry out its duties. To the contrary, consistent with *Ingram v. Comm'r of Social Sec. Admin.,* 496 F.3d 1253

(11th Cir. 2007), the Appeals Council stated that it "considered the reasons [Biffle] disagree[d] with the decision" but was denying her request for review because it found no reason under its rules to review the ALJ's decision. (R. 1). This language complies with the standard set in *Ingram*, especially where, as here, Biffle introduced no new evidence and simply challenged the ALJ's findings. As a result, the Appeals Council only reviewed the ALJ's decision for mistakes of law or findings that were contrary to the evidence in the record. *See generally, Ingram*, 496 F.3d 1253. In light of the court's finding that the ALJ relied on substantial evidence in rendering her decision, *see, supra*, at 11, the court also finds no error in the decision of the Appeals Council to deny review.

### VI.   Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that T.H. is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 4th day of January, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE
